1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

HEIDI ANN ROBINSON,

           Plaintiff,

        v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

           Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. EDCV 10-935 JC

MEMORANDUM OPINION

18
19

**I.    SUMMARY**

20
21
22
23

On June 22, 2010, plaintiff Heidi Ann Robinson ("plaintiff") filed a
Complaint seeking review of the Commissioner of Social Security's denial of
plaintiff's application for benefits.  The parties have consented to proceed before a
United States Magistrate Judge.

24
25
26
27

This matter is before the Court on the parties' cross motions for summary
judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The
Court has taken both motions under submission without oral argument.  See Fed.
R. Civ. P. 78; L.R. 7-15; June 28, 2010 Case Management Order ¶ 5.

28
///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

**II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On January 4, 2006, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 66). Plaintiff asserted that she became disabled on February 1, 2004, due to osteoarthritis/sciatica/back pain/degenerative disc disease, rapid heart rate/heart problems, migraines, memory loss and learning disabilities due to excessive fluid on her brain at birth, and depression. (AR 83). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on August 13, 2008. (AR 21).

On September 25, 2008, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 11-19). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: lumbar degenerative disc disease and obesity (AR 13); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 15); (3) plaintiff retained the residual functional capacity to perform light work with several exertional limitations[2] (AR 15-16);[3] (4) plaintiff could not perform

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

[2] Light work involves the following:

[L]ifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing,

(continued...)

1 her past relevant work (AR 18); (5) there are jobs that exist in significant numbers

2 in the national economy that plaintiff could perform, specifically office helper,

3 assembler of plastic hospital supplies, and small products assembler (AR 18-19);

4 and (6) plaintiff's allegations regarding her limitations are not credible to the

5 extent they are inconsistent with the ALJ's residual functional capacity assessment

6 (AR 16).

7      The Appeals Council denied plaintiff's application for review. (AR 2).

8 **III. APPLICABLE LEGAL STANDARDS**

9      **A. Sequential Evaluation Process**

10      To qualify for disability benefits, a claimant must show that she is unable to

11 engage in any substantial gainful activity by reason of a medically determinable

12 physical or mental impairment which can be expected to result in death or which

13 has lasted or can be expected to last for a continuous period of at least twelve

14 months. <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C.

15 § 423(d)(1)(A)). The impairment must render the claimant incapable of

16 performing the work she previously performed and incapable of performing any

17 ///

---

19 [2](...continued)
20 or when it involves sitting most of the time with some pushing and pulling of arm
or leg controls. To be considered capable of performing a full or wide range of
light work, you must have the ability to do substantially all of these activities. If
21 someone can do light work, we determine that he or she can also do sedentary
22 work, unless there are additional limiting factors such as loss of fine dexterity or
inability to sit for long periods of time.
23

24 20 C.F.R. § 404.1567(b).

25     [3]The ALJ determined that plaintiff could perform light work as defined in 20 C.F.R.
§ 404.1567(b), but could perform postural activities on only an occasional basis, is precluded
26 from climbing ladders, ropes or scaffolds, and should avoid concentrated exposure to hazards,
such as unprotected heights or dangerous machinery. The ALJ defined "occasionally" as
27 "occurring from very little up to one-third of the time, or approximately 2 hours in an 8-hour
28 workday." (AR 15-16).

other substantial gainful employment that exists in the national economy. <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)     Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2)     Is the claimant's alleged impairment sufficiently severe to limit her ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3)     Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4)     Does the claimant possess the residual functional capacity to perform her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5)     Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Stout v. Commissioner, Social Security Administration</u>, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. <u>Bustamante v. Massanari</u>, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing <u>Tackett</u>); <u>see</u> <u>also</u> <u>Burch</u>, 400 F.3d at 679 (claimant carries initial burden of proving disability).

///

**B.      Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

**IV.      DISCUSSION**

**A.      The ALJ Properly Evaluated Plaintiff's Credibility**

Plaintiff contends that the ALJ failed properly to evaluate the credibility of plaintiff's subjective pain complaints. (Plaintiff's Motion at 2-10). The Court disagrees.

**1.      Pertinent Law**

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner. Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006). If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

1      An ALJ is not required to believe every allegation of disabling pain or other
2   non-exertional impairment.  Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007)
3   (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).  If the record establishes
4   the existence of a medically determinable impairment that could reasonably give
5   rise to symptoms assertedly suffered by a claimant, an ALJ must make a finding as
6   to the credibility of the claimant's statements about the symptoms and their
7   functional effect.  Robbins, 466 F.3d 880 at 883 (citations omitted).  Where the
8   record includes objective medical evidence that the claimant suffers from an
9   impairment that could reasonably produce the symptoms of which the claimant
10  complains, an adverse credibility finding must be based on clear and convincing
11  reasons.  Carmickle v. Commissioner, Social Security Administration, 533 F.3d
12  1155, 1160 (9th Cir. 2008) (citations omitted).  The only time this standard does
13  not apply is when there is affirmative evidence of malingering.  Id.  The ALJ's
14  credibility findings "must be sufficiently specific to allow a reviewing court to
15  conclude the ALJ rejected the claimant's testimony on permissible grounds and
16  did not arbitrarily discredit the claimant's testimony."  Moisa v. Barnhart, 367
17  F.3d 882, 885 (9th Cir. 2004).
18      To find the claimant not credible, an ALJ must rely either on reasons
19  unrelated to the subjective testimony (e.g., reputation for dishonesty), internal
20  contradictions in the testimony, or conflicts between the claimant's testimony and
21  the claimant's conduct (e.g., daily activities, work record, unexplained or
22  inadequately explained failure to seek treatment or to follow prescribed course of
23  treatment).  Orn, 495 F.3d at 636; Robbins, 466 F.3d at 883; Burch, 400 F.3d at
24  680-81; SSR 96-7p.  Although an ALJ may not disregard such claimant's
25  testimony solely because it is not substantiated affirmatively by objective medical
26  evidence, the lack of medical evidence is a factor that the ALJ can consider in his
27  credibility assessment.  Burch, 400 F.3d at 681.
28  ///

## 2. Analysis

Preliminarily, since the record contains evidence of plaintiff's malingering,[4] the ALJ was not required to provide clear and convincing reasons for rejecting any of plaintiff's testimony. See Carmickle, 533 F.3d at 1160. Even assuming, for the sake of argument, that plaintiff was not malingering, a remand or reversal is not warranted since the ALJ provided clear and convincing reasons for discrediting plaintiff's subjective complaints.

First, the Court rejects plaintiff's suggestion that the ALJ's credibility determination failed sufficiently to consider plaintiff's subjective complaints. The ALJ expressly acknowledged that plaintiff had reported "symptoms of right shoulder pain, back pain, left lower extremity pain, numbness in the hands and numbness in the left calf and thigh." (AR 13) (citing Exhibit 6F at 9, 23 [AR 206, 220]). The ALJ found that plaintiff suffered from several non-severe, medically determinable impairments including "findings and symptoms of depressive disorder, right shoulder rotator cuff tendinitis, left knee pain, migraines, history of supraventricular tachycardia, shortness of breath, visual problems, sleep disturbance, history of fractures toe, dysfunctional uterine bleeding, anemia, gastroesophageal reflux disease and learning disability." (AR 14). The ALJ noted that plaintiff testified at the administrative hearing that plaintiff attended special education classes, is unable to write or spell, and is "unable to work due to back pain and pain in her left leg." (AR 16). The ALJ was not required to discuss every piece of cumulative evidence regarding plaintiff's symptoms. See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003); Black v. Apfel, 143 F.3d 383, 386 (9th Cir. 1998) (citation omitted).

---

[4]Dr. Harrell Reznick, a consultative psychologist, completed a psychological evaluation of plaintiff in connection with plaintiff's application for benefits. (AR 163-69). As the ALJ noted, Dr. Reznick stated in his report that plaintiff "presented with what appeared to be a sub-optimal effort throughout [the] evaluation," and plaintiff's score on a Test of Memory Malingering was "suggestive of malingering." (AR 14, 17, 163, 166, 167).

1    Second, the ALJ properly discredited plaintiff's subjective complaints as
2  inconsistent with plaintiff's daily activities.  See Thomas v. Barnhart, 278 F.3d
3  947, 958-59 (9th Cir. 2002) (inconsistency between the claimant's testimony and
4  the claimant's conduct supported rejection of the claimant's credibility); Verduzco
5  v. Apfel,188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies between claimant's
6  testimony and actions cited as a clear and convincing reason for rejecting the
7  claimant's testimony).  For example, the ALJ noted that in spite of plaintiff's
8  alleged exertional limitations, plaintiff was still able to "perform all basic
9  household chores, run errands, shop, cook, care for pets, visit her sister, watch
10 television, care for her husband, handle her personal care and drive."  (AR 17)
11 (citing Exhibits 4E [AR 91-98]; 8E [AR 117-24]; 2F at 3-4 [AR 165-66]).  While
12 plaintiff contends that such daily activities are significantly limited by her
13 subjective symptoms, this Court will not second-guess the ALJ's reasonable
14 interpretation to the contrary, even if the record evidence could give rise to
15 inferences more favorable to plaintiff.
16    Third, the ALJ properly discredited plaintiff's subjective complaints as
17 inconsistent with plaintiff's conservative treatment.  Meanel v. Apfel, 172 F.3d
18 1111, 1114 (9th Cir. 1999) (ALJ properly considered, as part of credibility
19 evaluation, treating physician's failure to prescribe, and claimant's failure to
20 request, medical treatment commensurate with the "supposedly excruciating" pain
21 alleged, and the "minimal, conservative treatment") (citing Bunnell v. Sullivan,
22 947 F.2d 341, 346 (9th Cir. 1991) (en banc)); see Fair, 885 F.2d at 604 (ALJ
23 permissibly considered discrepancies between the claimant's allegations of
24 "persistent and increasingly severe pain" and the nature and extent of treatment
25 obtained).  For example, as the ALJ noted, plaintiff testified that in 2004 she
26 received epidural injections which helped her pain symptoms, but that she did not
27 seek further injections thereafter.  (AR 17, 43-44); see Smolen v. Chater, 80 F.3d
28 1273, 1284 (9th Cir. 1996) (ALJ may consider failure to "seek treatment or to

follow a prescribed course of treatment" in assessing credibility).  While an ALJ

may not reject symptom testimony where a claimant provides "evidence of a good

reason for not taking medication," Smolen, 80 F.3d at 1284 (citations omitted), as

noted above, plaintiff has failed to present such a sufficient reason.

  Fourth, the ALJ could properly discredit plaintiff's subjective complaints

due to internal conflicts within plaintiff's own statements and testimony.  See

Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir.), as amended

(1997) (in weighing plaintiff's credibility, ALJ may consider "inconsistencies

either in [plaintiff's] testimony or between his testimony and his conduct"); see

also Fair, 885 F.2d at 604 n.5 (9th Cir.1989) (ALJ can reject pain testimony based

on contradictions in plaintiff's testimony).  As the ALJ noted, plaintiff testified

that she was unable to spell or write, yet when questioned about how she passed

the test for her driver's license, "[plaintiff] gave varying accounts regarding how

she passed the examination; she testified she cheated; she guessed; and she had the

opportunity to review old examinations."  The ALJ properly concluded that such

evidence of plaintiff's dishonesty, and her inconsistent statements "further eroded"

the credibility of plaintiff's other testimony.  See Tonapetyan v. Halter, 242 F.3d

1144, 1148 (9th Cir. 2001) ("In assessing the claimant's credibility, the ALJ may

use 'ordinary techniques of credibility evaluation,' such as considering the

claimant's reputation for truthfulness and any inconsistent statements in her

testimony.")

  Finally, the ALJ properly discredited plaintiff's subjective symptom

testimony due, in part, to the absence of supporting objective medical evidence.

Burch, 400 F.3d at 681; Rollins, 261 F.3d at 857 ("While subjective pain

testimony cannot be rejected on the sole ground that it is not fully corroborated by

objective medical evidence, the medical evidence is still a relevant factor in

determining the severity of the claimant's pain and its disabling effects.") (citing

20 C.F.R. § 404.1529(c)(2)).  For example, several of plaintiff's non-severe

impairments are unsupported by the objective medical evidence (*i.e.*, plaintiff reported having double vision but she had a valid driver's license and testing revealed visual acuity with glasses to be 20/25 in both eyes; plaintiff reported pain and crackling sensation in her left knee, but an X-ray of her left knee was normal; there is no objective medical evidence of plaintiff's migraines). (AR 14, 17) (citing Exhibits 4F at 7-8 [AR 191-92]; 6F at 19 [AR 216], 26 [AR 223], 34 [AR 231]).

Accordingly, plaintiff is not entitled to a reversal or remand on this basis.

**B.      The ALJ Properly Considered Lay Witness Evidence**

Plaintiff contends that the ALJ failed properly to consider the testimony provided by plaintiff's husband, Don Robinson, and failed to provide sufficient reasons for disregarding his statements. (Plaintiff's Motion a 9-10, 27). The Court disagrees.

**1.      Pertinent Law**

Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. Stout, 454 F.3d at 1056 (citations omitted); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); see also Robbins, 466 F.3d at 885 (ALJ required to account for all lay witness testimony in discussion of findings) (citation omitted); Regennitter v. Commissioner of Social Security Administration, 166 F.3d 1294, 1298 (9th Cir. 1999) (testimony by lay witness who has observed claimant is important source of information about claimant's impairments); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (lay witness testimony as to claimant's symptoms or how impairment affects ability to work is competent evidence and therefore cannot be disregarded without comment) (citations omitted); Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (ALJ must consider observations of non-medical

///

1  sources, *e.g.*, lay witnesses, as to how impairment affects claimant's ability to
2  work).

3      In cases in which "the ALJ's error lies in a failure to properly discuss
4  competent lay testimony favorable to the claimant, a reviewing court cannot
5  consider the error harmless unless it can confidently conclude that no reasonable
6  ALJ, when fully crediting the testimony, could have reached a different disability
7  determination." Robbins, 466 F.3d at 885 (quoting Stout, 454 F.3d at 1055-56).

8      **2.**    **Analysis**

9      First, the record belies plaintiff's suggestions that the ALJ completely
10 ignored the lay evidence in plaintiff's husband's statements and "provided
11 absolutely no rational [] or justification whatsoever [for doing so]." The ALJ
12 expressly noted in his decision that (1) plaintiff's husband had completed two
13 "third party adult function reports" which stated that plaintiff "had numerous
14 physical and nonexertional limitations;" and (2) that the ALJ gave "the statements
15 from plaintiff's husband "less weight because they are not supported by the record
16 and they are inconsistent with [plaintiff's] activities." (AR 16, 18) (citing
17 (Exhibits 5E [AR 99-106]; 9E [AR 125-32]). The ALJ was not required to discuss
18 every detail of plaintiff's husband's statements. See Black, 143 F.3d at 386 ("An
19 ALJ's failure to cite specific evidence does not indicate that such evidence was not
20 considered[.]").

21     Second, the ALJ properly discredited plaintiff's husband's statements to the
22 extent they were inconsistent with plaintiff's activities. See, e.g., Bayliss v.
23 Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) (inconsistency with plaintiff's
24 activities germane reason for discrediting testimony of lay witnesses).

25     Finally, plaintiff's husband's statements were essentially the same as
26 plaintiff's own statements in her own function reports. (Compare AR 91-98 & AR
27 117-24 [plaintiff's function reports] with AR 99-106 & AR 125-32 [plaintiff's
28 husband's function reports]). Since, as discussed above, the ALJ provided clear

1  and convincing reasons for rejecting plaintiff's own subjective complaints, it

2  follows that the ALJ also gave germane reasons for rejecting plaintiff's husband's

3  similar statements.  See Valentine v. Commissioner of Social Security

4  Administration, 574 F.3d 685, 693-94 (9th Cir. 2009) (ALJ properly discounted

5  wife's testimony for same reasons used to discredit claimant's complaints which

6  were similar).

7       As the ALJ expressly considered and rejected plaintiff's husband's similar

8  statements based upon germane reasons which are supported by the record, a

9  remand or reversal on this basis is not warranted.

10      **C.     The ALJ Properly Evaluated the Medical Evidence**

11      Plaintiff contends that the ALJ improperly rejected the opinions of Drs.

12  Kimberly R. Clements, an examining physician, and Angela Denise Martin,

13  plaintiff's primary treating physician at Kaiser Permanente.  (Plaintiff's Motion at

14  11-13).  The Court finds that a remand or reversal on this basis is not warranted.

15      **1.     Pertinent Law**

16      In Social Security cases, courts employ a hierarchy of deference to medical

17  opinions depending on the nature of the services provided.  Courts distinguish

18  among the opinions of three types of physicians:  those who treat the claimant

19  ("treating physicians") and two categories of "nontreating physicians," namely

20  those who examine but do not treat the claimant ("examining physicians") and

21  those who neither examine nor treat the claimant ("nonexamining physicians").

22  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted).  A

23  treating physician's opinion is entitled to more weight than an examining

24  physician's opinion, and an examining physician's opinion is entitled to more

25  weight than a nonexamining physician's opinion.[5]  See id.  In general, the opinion

26

27

28   [5]Cf. Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to draw bright line distinguishing treating physicians from non-treating physicians; relationship is better viewed as series of points on a continuum reflecting the duration of the treatment relationship and frequency and nature of the contact) (citation omitted).

12

of a treating physician is entitled to greater weight than that of a non-treating physician because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. Orn, 495 F.3d at 632 (citation and internal quotations omitted). The ALJ can reject the opinion of a treating physician in favor of a conflicting opinion of another examining physician if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. Id. (citation and internal quotations omitted); Thomas, 278 F.3d at 957 (ALJ can meet burden by setting out detailed and thorough summary of facts and conflicting clinical evidence, stating his interpretation thereof, and making findings) (citations and quotations omitted); Magallanes, 881 F.2d at 751, 755 (same; ALJ need not recite "magic words" to reject a treating physician's opinion – court may draw specific and legitimate inferences from ALJ's opinion). "The ALJ must do more than offer his conclusions." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). "He must set forth his own interpretations and explain why they, rather than the [physician's], are correct." Id. "Broad and vague" reasons for rejecting the treating physician's opinion do not suffice. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). These standards also apply to opinions of examining physicians. See Carmickle, 533 F.3d at 1164 (quoting Lester, 81 F.3d at 830-31); Andrews v. Shalala, 53 F.3d 1035, 1042-44 (9th Cir. 1995).

## 2. Dr. Clements

On May 11, 2006, Dr. Clements conducted a Complete Internal Medicine Evaluation of plaintiff. (AR 185-92). The evaluation was based on Dr. Clements' physical examination of plaintiff and plaintiff's own statements regarding her medical history and subjective symptoms. (RT 185, 187, 189). Dr. Clements did not review plaintiff's medical records or order diagnostic tests. (RT 185, 187, 189). Dr. Clements opined that plaintiff (1) can lift or carry 20 pounds occasionally and 10 pounds frequently; (2) can stand and walk for six hours out of an eight-hour workday "with resting periods every 20 minutes"; (3) can sit for six hours out of an eight-hour workday; (4) is precluded from performing postural activities (*i.e.*, climbing, stooping, kneeling and crouching) "due to [plaintiff's] low back pain"; (5) has no limitations in her ability to reach in all directions and gross and fine manipulations, and in communication or environmental exposure; and (6) should avoid hazards, heights and machinery. (AR 189).

The ALJ gave "less weight" to Dr. Clements' opinion that plaintiff is precluded from all postural activities, stating that such opinion "is not supported by objective evidence, clinical findings or [plaintiff's] activities." (AR 17). Plaintiff contends that the ALJ failed adequately to consider Dr. Clements' opinions, and to the extent the ALJ rejected such opinions, the ALJ failed to provide any reasons therefor. (Plaintiff's Motion at 11-12). The Court disagrees.

First, an ALJ may properly reject an examining physician's opinion that is unsupported by clinical findings or the record as a whole. See Mendoza v. Astrue, 371 Fed. Appx. 829, 831-32 (9th Cir. 2010) ("The ALJ permissibly rejected a medical opinion of a non-treating examining physician that was unsupported by the record as a whole.") (citing Batson, 359 F.3d at 1195);[6] Matney v. Sullivan,

---

[6]Courts may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

981 F.2d 1016, 1019 (9th Cir. 1992) (ALJ may reject the conclusory opinion of an examining physician if the opinion is <u>unsupported by clinical findings</u>).  Here, the ALJ rejected Dr. Clements' opinion that plaintiff should "never" perform postural activities as not corroborated by the objective evidence.  As the ALJ noted, plaintiff's medical records reflect that (1) several of plaintiff's x-rays, including one of plaintiff's left knee, were normal; (2) a specific x-ray of plaintiff's lumber spine "revealed [only] mild changes"; and (3) an MRI of plaintiff's lumber spine was normal, with "[n]o significant extradural defects, central canal, or neural foraminal stenosis," and an "unremarkable" lower thoracic cord and conus, with "[n]o abnormal signal."  (AR 17) (citing Exhibit 6F at 16 [AR 213]; <u>see also</u> AR 212, 213, 216, 220-21, 249).  Based on the objective medical evidence (which Dr. Clements did not review), the state agency reviewing physician opined that plaintiff could occasionally climb ramps/stairs (but never ladders, rope or scaffolds), stoop, kneel, crouch and crawl – findings which are consistent with the ALJ's residual functional capacity assessment for plaintiff.  (AR 15-16, 195).  The opinion of the state agency physician constitutes substantial evidence supporting the ALJ's decision since it was consistent with all other evidence in the record.  <u>See</u> <u>Tonapetyan</u>, 242 F.3d at 1149 (holding that opinions of nontreating or nonexamining doctors may serve as substantial evidence when consistent with independent clinical findings or other evidence in the record); <u>Andrews</u>, 53 F.3d at 1041 ("reports of the nonexamining advisor need not be discounted and may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it"); <u>Morgan</u>, 169 F.3d at 600 (testifying medical expert opinions may serve as substantial evidence when "they are supported by other evidence in the record and are consistent with it").  Any conflict in the properly supported medical opinion evidence is the sole province of the ALJ to resolve.  <u>Andrews</u>, 53 F.3d at 1041.

///

1    Second, an ALJ may properly reject a medical opinion if it is inconsistent
2  with a plaintiff's demonstrated abilities. Magallanes, 881 F.2d at 751-52. Here,
3  the ALJ explained that he also rejected Dr. Clements' opinion because it was
4  inconsistent with plaintiff's activities (noted above). (AR 17). Again, the ALJ's
5  finding is properly supported by substantial evidence (*i.e.* the opinions of the state
6  agency physician).

7    Finally, although the ALJ in this case ultimately did not discuss every piece
8  of evidence in the record, he was not required to do so. See Howard, 341 F.3d at
9  1012 (citations omitted). An ALJ must provide an explanation only when he
10  rejects "significant probative evidence." See Vincent v. Heckler, 739 F.2d 1393,
11  1394-95 (9th Cir. 1984) (citation omitted). Here, the ALJ's residual functional
12  capacity determination accounted for all significant probative evidence of
13  plaintiff's limitations. The ALJ stated that he carefully considered "the entire
14  record" and "opinion evidence" in accordance with administration regulations.
15  (AR 15, 17). Although the ALJ did not expressly reference Dr. Clements' opinion
16  that plaintiff would require resting periods every 20 minutes, plaintiff fails to
17  demonstrate that such a limitation is not already accounted for in the ALJ's
18  residual functional capacity – particularly since the ALJ heard testimony from the
19  vocational expert about the impact of possible unscheduled breaks on plaintiff's
20  ability to perform the jobs of office helper, assembler of plastic hospital supplies,
21  and small products assembler. (AR 46-48). In addition, although the ALJ did not
22  expressly reference other specific limitations stated in Dr. Clements' report, this
23  does not mean that she failed to consider such evidence. See Black, 143 F.3d at
24  386. Plaintiff fails to demonstrate that the ALJ rejected other significant probative
25  evidence which was not already accounted for in plaintiff's residual functional
26  capacity.
27  ///
28  ///

### 3. Dr. Martin

In a letter dated April 6, 2007, Dr. Martin opined that plaintiff (1) has "daily pain" which is only "tolerable" when treated with a "chronic pain medication regimen"; (2) is unable to work due to her pain; and (3) "should qualify for disability." (AR 239). The ALJ gave Dr. Martin's opinions "less weight" because (1) a determination of disability is reserved to the Commissioner; (2) Dr. Martin's "objective findings and treatment notes do not support her opinion"; and (3) her opinions are "inconsistent with [plaintiff's] activities." (AR 17). Plaintiff fails to demonstrate that a remand or reversal is warranted based on the ALJ's evaluation of Dr. Martin's opinions.

First, as the ALJ noted, neither the objective medical evidence noted above, nor Dr. Martin's own treatment records support Dr. Martin's extreme limitation on plaintiff's ability to work. Therefore, to the extent the ALJ rejected Dr. Martin's opinions on such a basis, he properly did so for clear and convincing reasons. See Bayliss, 427 F.3d at 1216 (A discrepancy between a physician's notes and recorded observations and opinions and the physician's assessment of limitations is a clear and convincing reason for rejecting the opinion.); see also Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (affirming ALJ's rejection of physician's opinion as unsupported by physician's treatment notes); cf. Tonapetyan, 242 F.3d at 1149 (an ALJ need not accept a treating physician's opinions that are conclusory and brief, or unsupported by clinical findings or physician's own treatment notes).

Second, the ALJ also properly rejected Dr. Martin's opinion that plaintiff was completely unable to work as inconsistent with plaintiff's demonstrated abilities. Magallanes, 881 F.2d at 751-52.

Finally, the ALJ's finding is adequately supported based on the conflicting opinion of the state agency physician which, consistent with the record medical evidence, does not find such an extreme limitation on plaintiff's postural activities.

17

1   <u>Magallanes</u>, 881 F.2d at 752 (ALJ may rely, in part, on nonexamining physician's

2   testimony to reject the opinions of treating physicians).

3       Accordingly, plaintiff is not entitled to a reversal or remand on this basis.

4   **V.**     **CONCLUSION**

5       For the foregoing reasons, the decision of the Commissioner of Social

6   Security is affirmed.

7       LET JUDGMENT BE ENTERED ACCORDINGLY.

8   DATED:   May 3, 2011

9                                           /s/

10                                 Honorable Jacqueline Chooljian

                                  UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28